[Filed April 21, 1887.]

## STATE OF OREGON EX REL. A. J. KNOTT, ADMINISTRATOR, ETC., RESPONDENT, *v.* S. W. CRANE ET AL., APPELLANTS.

UNDERTAKING IN PROCEEDING FOR CONTEMPT.—Where the appellant had given an undertaking to appear and answer in criminal proceedings for contempt, and did not appear in person, but when the proceeding was called for trial appeared by counsel and contested the proceedings, and subsequently failed to pay the fine imposed and was arrested by the sheriff, and then paid the fine; *held,* that an action could not be maintained against him to recover the sum specified in the undertaking.

SAME.— Warrant of arrest, in proceedings for contempt, should have a return day, and require the defendant to appear at a specified time.

APPEAL from Douglas County. Reversed.

*J. F. Watson,* for Appellants.

*J. W. Hamilton,* District Attorney, and *W. R. Willis,* for Respondent.

THAYER, J.— This suit had its origin in a suit in favor of Joseph Knott, deceased, against said S. W. Crane and Elizabeth Crane, to foreclose a mortgage executed by them upon certain premises upon which was situated a house, insured in their favor, and which had been burned, and the insurance money become payable to them. Said Joseph Knott, deeming his surety inadequate under the mortgage, had the Cranes enjoined from

collecting the insurance money in order to have it applied upon any deficiency of his debt which might be found due after a sale of the mortgaged premises and the application of its proceeds to its payment. The Cranes, however, in violation of the injunction, collected and used for their own benefit $730 of the money, and Knott had proceedings instituted against them for a criminal contempt. A warrant was issued for their arrest, upon which they were arrested, and thereupon they, and the said W. E. Crane and E. S. Crane, entered into an undertaking, of which the following is a copy:—

"STATE OF OREGON,  }
"COUNTY OF DOUGLAS. }

"In the Circuit Court of the State of Oregon for the county of Douglas.

"*State of Oregon v. S. W. Crane and Elizabeth Crane.*

"*Whereas,* a warrant of arrest having been issued on the twenty-fourth day of October, A. D. 1883, in the Circuit Court for the county of Douglas, charging S. W. Crane and Elizabeth Crane with the crime of contempt of court, and they having been duly admitted to bail in the sum of $500 each, we, S. W. Crane and Elizabeth Crane, principals, of Multnomah County, State of Oregon, and E. S. Crane and W. E. Crane, sureties, of the same place aforesaid, by occupation millers, hereby undertake that the said S. W. Crane and Elizabeth Crane shall appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times render themselves amenable to the order and process of the court, and, if convicted, shall appear for judgment and render themselves in execution thereof, or if they fail to perform either of those conditions, that we will pay to the State of Oregon the sum of $1,000.

"Witness our hands and seals this twenty-sixth day of October, A. D. 1883.

"ELIZABETH CRANE,   [SEAL.]
"S. W. CRANE,   [SEAL.]
"W. E. CRANE,   [SEAL.]
"E. S. CRANE."   [SEAL.]

The case herein was an action to recover the penalty mentioned in said undertaking. It was tried by the said Circuit Court without a jury. Said court found for the respondent, and the judgment appealed from was entered thereon. The question made here is, whether the facts found by the Circuit Court are sufficient to sustain the conclusions of law. The following are said facts:—

"1. It is not true that on May 14, 1884, as alleged in the complaint, the undertaking upon which this action is based was, by the Circuit Court of Douglas County, declared forfeited or ordered prosecuted, but it is true that neither S. W. Crane nor Elizabeth Crane appeared in person at said time.

"2. That on May 20, 1884, the contempt proceeding against S. W. and Elizabeth Crane, mentioned in the complaint in this action, came on for trial, when said parties appeared by counsel and said cause was tried, and said S. W. and Elizabeth Crane were each adjudged guilty of contempt and each fined one hundred dollars, and be committed to jail one day for every two dollars of such fine, or until said fine be paid; and it was further ordered and adjudged that the undertaking set out in the complaint in this action be and the same was at said time declared forfeited and ordered prosecuted.

"3. That neither said S. W. Crane nor Elizabeth Crane were present at said trial, or at any time during the term of court at which said cause was tried and said judgment entered, nor did either of said parties appear for judgment or render themselves in execution thereof.

"4. That said S. W. Crane and Elizabeth Crane both having failed and neglected to pay said fine or render themselves in judgment therefor, on June 25, 1884, a commitment was duly issued on the judgment mentioned in finding No. 2, and said S. W. Crane was arrested by the sheriff of Douglas County and placed in jail as directed in said judgment.

"5. That the appeal from the judgment mentioned in finding No. 2 was not taken until after said S. W. Crane was arrested by the sheriff of Douglas County as mentioned in finding No. 4."

The findings do not set out all the facts alleged in the pleadings. By reference to the answers it will be seen that an appeal was taken to this court by the said S. W. and Elizabeth Crane, from the judgment referred to in said finding No. 2, where the same was affirmed, the case remanded to the Circuit Court, and the judgment paid off, together with the costs of the appeal, which facts seem to have been conceded upon the trial hereof.

The only question that need be considered by this court is, the extent of the liability the undertaking imposed upon the parties executing it — whether, after S. W. and Elizabeth Crane had been adjudged to pay the fine, and they had paid it, an action could be maintained against them to recover the one thousand dollars specified in the undertaking — whether the Circuit Court could legally declare the undertaking forfeited after an appearance of the parties, and submission to its jurisdiction in the proceedings in contempt. It will be seen by a reference to the statute upon this subject that the undertaking is not in strict accordance with the terms prescribed therein. Section 647 of the Civil Code provides that "the defendant shall be discharged from the arrest upon executing and delivering to the sheriff, at any time before the return day of the warrant, an undertaking, etc., to the effect that the defendant will appear on such return day, and abide the order or judgment of the court or officer thereupon, or pay, as may be directed, the sum specified in the warrant." This provision is the authority of the sheriff for requiring or accepting an undertaking, and he has no right to exact from the defendant, in such case, any other form of security for his appearance than that which it prescribes; and whatever the terms may be in an undertaking so given, its legal effect, if any is to be given to it whatever, must be determined in accordance with the provisions of said section of the Code. The previous section of the Code, section 646, provides that the court, or judicial officer, before whom the proceeding for a contempt is had, shall direct in the warrant of arrest whether the person charged may be let to bail for his appearance, and if he may be bailed, the amount in which he may be let to bail; and the conditions of the undertaking provided for in section 647 seem to

be in the alternate—that the defendant will appear and abide the order or judgment of the court, etc., *or pay as may be directed,* the sum specified in the warrant. It differs materially from a recognizance. In the latter, the recognizor acknowledges himself indebted in a sum of money to be paid, etc., if he failed to do some act. In order to discharge himself from the debt he must do the act, while in the former case the party obligated undertakes that he will do one of two things; he will either appear and abide the order of the court, etc., or he will pay the amount in which he is admitted to bail, as may, be directed in the warrant of arrest. The Supreme Court of the Seventh Judicial District of the State of New York, in the case of *Barton* v. *Butts,* 32 How. 456, held that, where a party was arrested upon an attachment for contempt, and had given a bond with sureties for his appearance at court, to abide the order of the court, and had been adjudged to have been guilty of the misconduct alleged, and punishment by fine and imprisonment ordered, the statute did not authorize the' bond to be prosecuted at the same time that a warrant of commitment was issued against the party; that it was not the policy of the statute to give the aggrieved party two final and complete remedies for the same offense. I am inclined to the opinion that the same construction should be given the statute in question; that a party charged with being guilty of a contempt, and having executed an undertaking that he will appear and answer to it, cannot be tried for contempt, and be prosecuted upon the undertaking at the same time, nor after having been punished for contempt. I do not see how the Circuit Court could have determined that said S. W. Crane and Elizabeth Crane did not appear and abide the judgment of the court in the said proceeding, or failed to pay the fine. They were tried, found guilty, and fined, and paid the fine; they did not appear in person, but appeared sufficiently to give jurisdiction to the court to punish them, and I should think that would be about as much of an appearance as was necessary. The warrant was irregular in not requiring them to appear at a specified day. Such a writ should have a return day. I judge this had none from the language of the under-

taking, and draw my conclusions from that.    There is a feature in the case which tends to prejudice the appellants.    The parties, S. W. and Elizabeth Crane, disobeyed an injunction issued out of the court, and they should have been punished severely for that, and I apprehend that they have not been.    Section 650 of the Civil Code provides for giving judgment, in such a case, that the party aggrieved recover of the defendant a sum of money sufficient to indemnify them.    I do not see why, under this section, a recovery was not allowed in favor of Knott for the $730, and interest thereon, when the fine was imposed.    The court had the same authority to allow this that it did to adjudge the fine; but this was a matter for the Circuit Court, and there probably was a good reason for not giving such judgment.    Because it was not done or a larger fine imposed is no reason, however, for giving the statute a different construction than that indicated.    It must have the same interpretation in this case as in any other; and the view I take of it is, that there was no liability upon the undertaking after the proceeding was had in the matter of contempt.

The judgment appealed from must, therefore, be reversed, and the case remanded to the Circuit Court, with directions to dismiss the complaint.